IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SERVICE ELECTRIC CABLEVISION, INC.,

Plaintiff,

v.

THE CITY OF HAZLETON,

Defendant.

Civil Action No. 04-CV-622
(Judge A. Richard Caputo)

**PLAINTIFF'S MOTION FOR**
**SUMMARY JUDGMENT AND PERMANENT INJUNCTION**

Plaintiff Service Electric Cablevision, Inc. ("Service Electric") hereby moves for summary judgment in favor of Service Electric and against the City of Hazleton ("Hazleton"). For the reasons set forth below and in the accompanying Brief In Support Of Plaintiff's Motion for Summary Judgment and Permanent Injunction, Service Electric requests the Court to (i) declare that Service Electric's exclusive franchise rights to operate a cable television system in Hazleton remain valid, and that Hazleton's award of a cable television franchise to NuNet, Inc. ("NuNet") was invalid; and (ii) grant a permanent injunction enjoining Hazleton from implementing the cable television franchise improperly granted to NuNet.

1. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

2. There are no genuine issues of material fact that preclude summary judgment in favor of Service Electric. As set forth in further detail in the Statement of Undisputed Material Facts In Support Of Plaintiff's Motion for Summary Judgment and Permanent Injunction, Hazleton granted Service Electric an exclusive franchise to operate a cable television system in Hazleton in 1987, and this franchise became a contract (the "Contract") between Hazleton and Service Electric which remains in effect. Despite Service Electric's exclusive franchise rights, Hazleton granted a cable television franchise to NuNet on May 27, 2004.

3. Hazleton has based its defense of its violation of Service Electric's exclusive franchise rights on the Cable Television Consumer Protection and Competition Act of 1992 (the "1992 Cable Act") which modified Section 541(a)(1) of Title 47, United States Code. Section 541(a)(1) provides as follows:

> A franchising authority may award, in accordance with the provisions of this subchapter, 1 or more franchises within its jurisdiction; *except that a franchising authority may not grant an exclusive franchise and may not unreasonably refuse to award an additional competitive franchise.*

47 U.S.C. § 541(a)(1) (hereinafter Section 541(a)(1)) (amendment by 1992 Cable Act emphasized).

4. Hazleton's legal claims based upon Section 541(a)(1) have already been rejected by the Court. In its August Memorandum denying Hazleton's motion to dismiss Service

Electric's complaint, the Court rejected Hazleton's claim that the existing exclusive franchise Hazleton granted Service Electric in 1987 was invalidated or preempted by restrictions on exclusive cable television franchises in Section 541(a)(1). *See* Memorandum, *Service Electric Cablevision, Inc. v. City of Hazleton*, Docket No. 04-CV-622 (August 16, 2004) (the "August Memorandum"), at 4-7 & 9-10; *see also* Memorandum, *Service Electric Cablevision, Inc. v. City of Hazleton*, Docket No. 04-CV-622 (November 1, 2004) (the "November Memorandum") (denying Hazleton's request for interlocutory appeal of the August Memorandum).

5. The Court has also dismissed Hazleton's assertions that its Contract with Service Electric contemplated the elimination of Service Electric's exclusive franchise rights upon a change in law. As the Court found, "[a]llowing exclusivity to be modified or eliminated by a later change in law is inconsistent with the terms, intent of the parties, and purpose of the contract" between Service Electric and Hazleton. August Memorandum, at 8.

6. For purposes of Service Electric's present Motion, Service Electric emphasizes the main reasons why the Court's decision rejecting Hazleton's claims of retroactivity and preemption is proper and should be applied in support of a declaratory judgment affirming the continuing validity of Service Electric's exclusive franchise rights and the invalidity of Hazleton's award of a franchise to NuNet.

7. First, as a general matter under well-established rules of statutory interpretation, there must be "clear congressional intent" for retroactive application of a statute. Here, there is no "clear congressional intent" to apply Section 541(a)(1) retroactively to invalidate existing exclusive franchises. *Cf.* August Memorandum, at 5; *and* November Memorandum, at 1. The amendment of Section 541(a)(1) by the 1992 Cable Act – which became effective on December

4, 1992 – simply provides that a franchising authority may not *grant* an exclusive franchise; it does not say that *existing* exclusive franchises were prohibited, eliminated, invalidated, or otherwise rendered unenforceable. Moreover, Section 541(a)(1) does not even say that a franchising authority *must* grant more than one franchise in the future; it only precludes franchising authorities from *unreasonably* refusing to grant additional franchises.

8. Second, the Court has ruled consistently with the only federal appellate court to clearly consider the retroactivity of Section 541(a)(1), which concluded that Congress did not intend to invalidate existing exclusive franchises. *See* August Memorandum, at 4-5; *and* November Memorandum, at 1 (*citing James Cable Partners, L.P. v. City of Jamestown, Tennessee*, 43 F.3d 277 (6th Cir. 1995)).

9. Third, with respect to preemption, the Court correctly concluded that there must be a conflict between a federal law and state or local legislation for preemption to be applicable, and no such conflict exists between Section 541(a)(1) and Service Electric's exclusive franchise rights. *See* August Memorandum, at 9. There is nothing "inconsistent" about Section 541(a)(1) and Service Electric's exclusive franchise rights because Section 541(a)(1) is not retroactive and therefore does not eliminate Service Electric's exclusive franchise rights granted in 1987.

10. In addition, with respect to the "change of law" provisions, the Court has also already found that the grant of exclusivity to Service Electric was important to both Service Electric and Hazleton, and that the "change of law" provisions cannot be read to apply prospective law retroactively. Nothing in the provisions of the Contract suggests that the parties intended a future prospective restriction on a cable television franchising authority's ability to

grant an exclusive franchise to apply retroactively to Hazleton's pre-existing grant of an exclusive franchise to Service Electric.

11. The Court should grant a permanent injunction enjoining Hazleton from implementing its improper franchise with NuNet. Service Electric has fully demonstrated actual success on the merits of the issues in this litigation, and Hazleton's violation of its own ordinance establishes irreparable injury. Hazleton cannot show that a granting of a permanent injunction enjoining Hazleton from implementing its improper franchise with NuNet will result in any actual harm to Hazleton, and the public interest supports upholding the exclusive franchise Hazleton itself granted to Service Electric.

For these reasons, and for the reasons set forth in the accompanying Brief, the Court should grant summary judgment in favor of Service Electric and against Hazleton, declare that Service Electric's exclusive franchise rights remain valid, declare that Hazleton's award of a franchise to NuNet was invalid, and enjoin Hazleton from implementing its improper franchise with NuNet.

Respectfully submitted,

/s/ Glen R. Stuart

Glen R. Stuart
David B. MacGregor
Kenneth M. Kulak
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Voice: 215.963.5000
Fax: 877.432.9652
E-mail: gstuart@morganlewis.com

Robert S. Sensky
Bruce S. Miller
John M. Gallagher
Laputka, Bayless, Ecker & Cohn, P.C.
2 East Broad Street, 6th Floor
Hazleton, PA 18201
Voice: 570.455.4731
Fax: 570.459.0729
E-mail: rssensky@lbec-law.com

Dated: December 22, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERVICE ELECTRIC CABLEVISION, INC., Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-CV-622 (Judge A. Richard Caputo) |
| THE CITY OF HAZLETON, Defendant. | ) | |

**PROPOSED ORDER**

AND NOW, this ______ day of _____, 2005, upon consideration of Plaintiff's Motion for Summary Judgment and Permanent Injunction, and the Brief in support thereof, it is hereby ORDERED that summary judgment is entered in favor of Service Electric and against the City of Hazleton.

Pursuant to this judgment, the Court declares:

(a) That the exclusive franchise rights to operate a cable television system granted by the City of Hazleton to Service Electric on May 14, 1987 remain valid; and

(b) That the City of Hazleton's 2004 award of a cable television franchise to NuNet, Inc. is invalid.

The Court further permanently enjoins the City of Hazleton from implementing the cable television franchise improperly granted by Hazleton to NuNet.

IT IS SO ORDERED.

____________________,
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SERVICE ELECTRIC CABLEVISION, INC.,

Plaintiff,

v.

THE CITY OF HAZLETON,

Defendant.

Civil Action No. 04-CV-622
(Judge A. Richard Caputo)

**CERTIFICATE OF SERVICE**

I hereby certify that this 22nd day of December 2004, the foregoing **Plaintiff's Motion For Summary Judgment And Permanent Injunction,** was served upon the following by using the ECF system and that the following is an ECF user:

Conrad A. Falvello
The Falvello Law Firm
782 West Butler Drive
Sugarloaf, PA 18249-3046

***First Class Mail***

Daniel S. Cohen
Stacy L. Browdie
Cohen Telecommunications Law Group
Two Gateway Center, 15th Floor
Pittsburgh, PA 15222

/s/ Glen R. Stuart

Glen R. Stuart
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Voice: 215.963.5883
Fax: 215.963.5001
E-mail: gstuart@morganlewis.com