IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SERVICE ELECTRIC CABLEVISION, INC.,    )
                                       )
                       Plaintiff,      )
                                       )        Civil Action No. 04-CV-622
           v.                          )        (Judge A. Richard Caputo)
                                       )
THE CITY OF HAZLETON,                  )
                                       )
                       Defendant.      )

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
## FOR SUMMARY JUDGMENT AND PERMANENT INJUNCTION

Glen R. Stuart                         Robert S. Sensky
David B. MacGregor                     Bruce S. Miller
Kenneth M. Kulak                       John M. Gallagher
Morgan, Lewis & Bockius LLP            Laputka, Bayless, Ecker & Cohn, P.C.
1701 Market Street                     2 East Broad Street, 6th Floor
Philadelphia, PA  19103-2921           Hazleton, PA 18201
Tel: (215) 963-5883                    Tel: (570) 455-4731

Counsel for Plaintiff


Date:  December 22, 2004

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................ 1

II.   STATEMENT OF FACTS ............................................................................. 2

III.  STANDARD OF REVIEW ........................................................................... 4

IV.   ARGUMENT ................................................................................................. 5

    A.    The Court Should Declare That Service Electric's Exclusive Franchise
        Right To Operate A Cable Television System In Hazleton Remains Valid
        And That Hazleton's Grant Of A Franchise To NuNet Is Invalid. ........................ 5

        1.    The 1992 Cable Act Did Not Retroactively Render Service
              Electric's Preexisting Exclusive Franchise Unlawful Or Preempt
              Service Electric's Exclusive Franchise Rights .......................................... 6

        2.    The "Change of Law" Provisions Of Service Electric's Franchise
               Contract Do Not Invalidate Service Electric's Exclusive Franchise ........ 9

    B.    The Court Should Permanently Enjoin Hazleton From Implementing Its
        Improper Franchise To NuNet. ............................................................................. 11

V.    CONCLUSION ............................................................................................. 13

# TABLE OF AUTHORITIES

## CASES

**Page**

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986) ...........................................................................4, 5

*Bearley v. Friendly Ice Cream Corp.,*
    322 F. Supp. 2d 563, 570 (M.D. Pa. 2004) ........................................4

*Bowen v. Georgetown Univ. Hosp.,*
    488 U.S. 204 (1988) ..............................................................................6

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986) ..............................................................................4

*Com. v. Coward,*
    414 A.2d 91 (Pa. 1980) .......................................................................11

*Cox Cable Communications, Inc. v. United States,*
    992 F.2d 1178 (11th Cir. 1993) ..........................................................8

*Cox Cable Communications v. United States,*
    866 F. Supp. 553 (M.D. Ga. 1994) ....................................................8

*Grant v. Southwestern Pa. Water Auth.,*
    601 A.2d 1359 (Pa. Commw. Ct. 1992) ..........................................10

*J.K. Wilson, Jr. v. Consolidation Coal Co.,*
    637 A.2d 979 (Pa. 1994) .....................................................................10

*James Cable Partners, L.P. v. City of Jamestown, Tennessee,*
    43 F.3d 277 (6th Cir. 1995) .............................................................7, 8

*Landgraf v. USI Film Prod.,*
    511 U.S. 244 (1994) ..........................................................................6, 8

*Mace v. Atl. Ref. Mktg. Corp.,*
    785 A.2d 493 (Pa. 2001) .....................................................................10

*Matthews v. Kidder Peabody & Co., Inc.,*
    161 F.3d 156 (3d Cir. 1998) ................................................................6

*Mellon Bank v. Aetna Business Credit,*
    619 F.2d 1001 (3d Cir. 1980)...................................................................9

*Shields v. Zuccarini,*
    254 F.3d 476 (3d Cir. 2001) .................................................................11

*United States Fidelity & Guaranty Co. v. Struthers,*
    209 U.S. 306 (1908) ..............................................................................6

## STATUTES

7 U.S.C. § 541(a)(1) ...................................................................... *passim*

47 U.S.C. § 555(6) ...........................................................................9

## OTHER AUTHORITY

Cable Television Consumer Protection and Competition Act of 1992 (the "1992 Cable Act"),
Pub. L. No. 102-385, 106 Stat. 1460 (1992) ......................................... *passim*

Fed. R. Civ. P. 56(c) ........................................................................3

Local Rule 56.1.................................................................................2

*Service Electric Cablevision, Inc. v. City of Hazleton,*
    Docket No. 04-CV-622 (August 16, 2004) ........................................ *passim*

*Service Electric Cablevision, Inc. v. City of Hazleton,*
    Docket No. 04-CV-622 (November 1, 2004) ..................................... *passim*

## I.     **INTRODUCTION**

In its Motion for Summary Judgment and Permanent Injunction (the "Motion"), plaintiff Service Electric Cablevision, Inc. ("Service Electric") seeks declaratory and injunctive relief to enforce its exclusive franchise rights to operate a cable television system in the City of Hazleton ("Hazleton"). After years of performance by Service Electric in accordance with its exclusive franchise, Hazleton has now granted a franchise to NuNet, Inc. ("NuNet"), in direct contravention of the exclusive franchise rights Hazleton granted to Service Electric. As set forth in Service Electric's Motion and in this supporting brief, Service Electric is entitled to appropriate relief and requests that the Court enjoin Hazleton from implementing its improper franchise with NuNet.

The Court has already found that the legal theories Hazleton has offered in defense of its violation of Service Electric's exclusive franchise rights are without merit. In its August 16, 2004 Memorandum denying Hazleton's motion to dismiss Service Electric's complaint, the Court rejected Hazleton's claim that the exclusive franchise Hazleton granted Service Electric in 1987 was invalidated or preempted by the Cable Television Consumer Protection and Competition Act of 1992 (the "1992 Cable Act"). *See* Memorandum, *Service Electric Cablevision, Inc. v. City of Hazleton*, Docket No. 04-CV-622 (August 16, 2004) (the "August Memorandum"), at 4-7 & 9-10. The Court subsequently stated that there is no substantial ground for difference of opinion with respect to its conclusion that the 1992 Cable Act did not retroactively invalidate existing cable television franchises. *See* Memorandum, *Service Electric Cablevision, Inc. v. City of Hazleton*, Docket No. 04-CV-622 (November 1, 2004) (the "November Memorandum") (denying Hazleton's request for interlocutory appeal of the Court's August 16, 2004 Order).

The Court has also rejected Hazleton's assertions that its franchise contract with Service Electric contemplated the elimination of Service Electric's exclusive franchise rights upon a change in law. As the Court found, "[a]llowing exclusivity to be modified or eliminated by a later change in law is inconsistent with the terms, intent of the parties, and purpose of the contract" between Service Electric and Hazleton. August Memorandum, at 8.

Because there are no genuine issues of material fact in dispute between Service Electric and Hazleton with respect to Service Electric's rights and Hazleton's obligations, and the Court has already determined that Hazleton's legal defenses are flawed as a matter of law, the Court should grant summary judgment in favor of Service Electric, declare that Service Electric's exclusive franchise rights remain valid and that Hazleton's award of a franchise to NuNet was invalid, and enjoin Hazleton from implementing its improper franchise agreement with NuNet.

## II.    **STATEMENT OF FACTS**[1]

Service Electric is a Pennsylvania corporation that operates a cable television system within the municipal boundaries of Hazleton. *See* Affidavit of Hoyt Walter, ¶¶ 2-3 ("Walter Affidavit"). On September 14, 1987, Hazleton enacted Ordinance No. 87-22, granting an exclusive franchise to Service Electric to operate a cable television system in Hazleton. Walter Affidavit, ¶ 6 & Exhibit A (attached thereto) (the "1987 Ordinance" or "Contract"). The 1987 Ordinance provides:

> Having determined that the Company, through its System, has afforded significant social, educational and entertainment benefits to the public in the Municipality, *the Company has provided a high quality of such service, responsive to the needs and desires of residents of the Municipality, and such service can best be assured by the granting of an exclusive franchise to the Company*; and that the Company has the legal, character, financial, technical and other qualifications to continue to construct, erect, own, operate and maintain the cable television system serving

---

[1] In accordance with Local Rule 56.1, Service Electric has filed a separate Statement of Undisputed Material Facts. The facts are summarized here for the convenience of the Court.

2

> this Municipality, *the Municipality hereby grants unto the Company the exclusive right and privilege* to construct, erect, operate and maintain a cable television system in, under, over, along, across or upon the public streets, highways, sidewalks, rights-of-way and places within the boundaries of the Municipality; to the extent permitted by law.

1987 Ordinance, § 4 (emphasis added).

Section 6 of the 1987 Ordinance further provides that "[w]hen this Ordinance shall have been accepted by the Company, such Ordinance and acceptance shall constitute a contract between [Hazleton] and [Service Electric] for all the uses, services, and purposes set forth in this Ordinance." *Id.*, § 6. Service Electric accepted the 1987 Ordinance, and the 1987 Ordinance became a contract between Service Electric and Hazleton, which remains effective. *See* Contract, § 5; Walter Affidavit, ¶¶ 6 & 8.

Service Electric made substantial investments in reliance upon its exclusive contract with Hazleton, and as a result its cable system in Hazleton is now worth in excess of $13 million and generates more than $312,000 in monthly revenues. Walter Affidavit, ¶ 9. In accordance with the 1987 Ordinance, Service Electric pays a portion of its gross revenues to Hazleton as a franchise fee. *Id.* Service Electric presently offers extensive cable television packages as well as high-speed internet access. *See id.* Nevertheless, on May 27, 2004, Hazleton granted a non-exclusive franchise to operate a cable television system in Hazleton to NuNet. Walter Affidavit, ¶ 14.

Service Electric will be irreparably injured through loss of good will, customers and profits if Hazleton does not honor its award of an exclusive franchise to Service Electric. *Id.*, ¶¶ 16-17.

### III.   **STANDARD OF REVIEW**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *Bearley v. Friendly Ice Cream Corp.*, 322 F. Supp. 2d 563, 570 (M.D. Pa. 2004).

On a motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The party opposing summary judgment may not rest upon mere allegations or denials, but must set forth specific facts, presenting affirmative evidence showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256-57.  The evidence of the non-moving party is to be believed and all inferences drawn in its favor. *Id.* at 255.  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

In its November Memorandum, this Court observed as follows:

> It is also relevant to note that this case essentially involves the question of law sought to be appealed.  It is therefore reasonable to conclude that this case will be decided on a motion for summary judgment.  Such a procedural track indicates little further delay, and once a decision is rendered, an appeal may be taken.

November Memorandum, at 2.  Consistent with this Court's observation and the governing law, Service Electric now seeks this Court's resolution of this question of law in its favor.

4

## IV.   ARGUMENT[2]

**A.**   **The Court Should Declare That Service Electric's Exclusive Franchise Right To Operate A Cable Television System In Hazleton Remains Valid And That Hazleton's Grant Of A Franchise To NuNet Is Invalid.**

In this proceeding, there is no dispute that Hazleton granted Service Electric an exclusive franchise to operate a cable television system within Hazleton in the 1987 Ordinance, or that the 1987 Ordinance, upon acceptance by Service Electric, became a legally binding contract. *See* Section II *supra*. Instead, Hazleton has made wholly legal arguments that Service Electric's contract was retroactively invalidated or preempted by the 1992 Cable Act, or alternatively, that the so-called "change of law" provisions of the Contract eliminate Service Electric's *existing* exclusive franchise because Congress has declared that municipalities may not grant *future* exclusive franchises. *See generally* August Memorandum, at 4-10. Because Hazleton's legal arguments lack merit, as the Court has already determined, the Court should now grant summary judgment in favor of Service Electric and declare that Service Electric's exclusive franchise rights remain valid and that Hazleton's award of a franchise to NuNet was invalid.

---

[2] In its Complaint, Service Electric alleged both federal and state law claims, including impairment of contract and unconstitutional takings. *See* Complaint, ¶¶ 29-53. Because Hazleton subsequently enacted an ordinance granting a franchise to NuNet instead of relying upon resolutions, *see* Walter Affidavit, ¶¶ 10, 12, & 14, Count VI of the Complaint regarding resolutions enacted by Hazleton is now moot. With respect to the remainder of the Complaint, in light of the Court's rejection of Hazleton's legal basis for contending that Service Electric's exclusive franchise rights had been invalidated, Service Electric now seeks only a declaration affirming the continued validity of its exclusive franchise rights under federal and state law and stating that Hazleton's award of a franchise to NuNet was invalid, and an injunction enjoining Hazleton from implementing its invalid franchise with NuNet. If the Court grants this Motion, the Court need not reach the federal and state constitutional claims presented by the remainder of the Complaint, and Service Electric will not oppose dismissal of those claims without prejudice.

1.   **The 1992 Cable Act Did Not Retroactively Render Service Electric's Preexisting Exclusive Franchise Unlawful Or Preempt Service Electric's Exclusive Franchise Rights.**

Section 541(a) of Title 47, United States Code, provides as follows:

> A franchising authority may award, in accordance with the provisions of this subchapter, 1 or more franchises within its jurisdiction; *except that a franchising authority may not grant an exclusive franchise and may not unreasonably refuse to award an additional competitive franchise.*

47 U.S.C. § 541(a)(1) (hereinafter Section 541(a)(1)) (amendment by 1992 Cable Act emphasized).  Hazleton has contended that under Section 541(a)(1), as amended by the 1992 Cable Act, the exclusive franchise rights Hazleton granted to Service Electric in 1987 were retroactively invalidated or preempted as a matter of law.  *See* August Memorandum, at 4 & 9. The Court has rejected Hazleton's legal arguments.  *Id.* at 6-7 & 9; *see also* November Memorandum, at 1-2.  For purposes of Service Electric's present Motion, Service Electric emphasizes the main reasons why the Court's decision rejecting Hazleton's claims of retroactivity and preemption is proper and should be applied in support of a declaratory judgment affirming the continuing validity of Service Electric's exclusive franchise rights and the invalidity of Hazleton's award of a franchise to NuNet.

First, as a general matter under well-established rules of statutory interpretation, there must be "clear congressional intent" for retroactive application of a statute.  *Matthews v. Kidder Peabody & Co., Inc.*, 161 F.3d 156, 159-60 (3d Cir. 1998).  The United States Supreme Court has explained that a "presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic."  *Landgraf v. USI Film Prod.*, 511 U.S. 244, 265 (1994) ("*Landgraf*").  This presumption exists in part because "[e]lementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly;  settled expectations should not

be lightly disrupted." *Id.*  Thus, "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988); *accord Landgraf,* 511 U.S. at 265; *United States Fidelity & Guaranty Co. v. Struthers*, 209 U.S. 306, 314 (1908) ("The presumption is very strong that a statute was not meant to act retrospectively, and it ought never to receive such a construction if it is susceptible of any other.").

Here, there is no "clear congressional intent" to apply Section 541(a)(1) retroactively to invalidate existing exclusive franchises. *Cf.* August Memorandum, at 5 (explaining that to find otherwise would require inferences from "indirect and ambiguous language, which *Landgraf* cautioned against"); *and* November Memorandum, at 1 (relying on *Landgraf* for this proposition). The 1992 amendment to Section 541(a)(1) – which became effective on December 4, 1992 – simply provides that a franchising authority may not *grant* an exclusive franchise; it does not say that *existing* exclusive franchises were prohibited, eliminated, invalidated, or otherwise rendered unenforceable. Moreover, Section 541(a)(1) does not even say that a franchising authority *must* grant more than one franchise in the future; it only precludes franchising authorities from *unreasonably* refusing to grant additional franchises.

Second, the Court has ruled consistently with the only federal appellate court to consider clearly the retroactivity of Section 541(a)(1), which concluded that Congress did not intend to invalidate existing exclusive franchises. *See* August Memorandum, at 4-5; *and* November Memorandum, at 1. In *James Cable Partners, L.P. v. City of Jamestown, Tennessee*, 43 F.3d 277 (6th Cir. 1995) ("*James Cable*"), the City of Jamestown ("Jamestown") granted a twenty-five year exclusive franchise to James Cable Partners' predecessor in 1977, but subsequently chose to build its own system. *James Cable*, 43 F.3d at 278. James Cable Partners sought a

declaratory judgment that Section 541(a)(1) did not invalidate its exclusive franchise, and

Jamestown counterclaimed, contending that Congress had rendered the exclusive franchise it had

granted to James Cable Partners unlawful by enacting the 1992 Cable Act and amending Section

541(a)(1).  The district court granted James Cable Partners' request for a declaratory judgment

after the parties filed motions for summary judgment and stipulated to material facts.  On appeal,

the Sixth Circuit, applying the *Landgraf* decision of the United States Supreme Court,

concluded:

> Nothing in the language of section [541(a)(1)] compels retroactive application.
> Indeed, if the [1992 Cable Act] is not retroactive, the existence of an exclusive
> franchise is an eminently "reasonable" ground to refuse to award an additional
> franchise.  Thus, Jamestown's argument is only persuasive if we presume
> retroactive application – in direct contravention of the long-standing presumption
> against retroactivity which the Supreme Court reaffirmed in *Landgraf*.  If
> Congress wished section [541(a)(1)] to invalidate preexisting exclusive franchise
> rights, it could easily have said so.

*Id.* at 280.[3]  Nothing required Hazleton to award a franchise to NuNet in light of its promise to

Service Electric; refusing to award an additional franchise is "eminently reasonable" in light of

Hazleton's prior contractual commitments, and NuNet's franchise is plainly inconsistent with

Service Electric's exclusive franchise rights.  *See* August Memorandum, at 5.

Third, with respect to preemption, the Court correctly concluded that there must be a

conflict between a federal law and state or local legislation for preemption to be applicable.  *See*

---

[3]  As in *James Cable*, the Court distinguished *Cox Cable Communications, Inc. v. United States*,
992 F.2d 1178 (11th Cir. 1993), which was decided before the decision of the United States
Supreme Court in *Landgraf*.  *See* August Memorandum, at 6; *and* November Memorandum, at 1.
Notably, even the district court in *Cox Cable* opined on remand that it might have agreed with
the district court's decision in *James Cable* if the Eleventh Circuit had not already ruled.  *See
Cox Cable Communications, Inc. v. United States*, 866 F. Supp. 553, 555 n.6 (M.D. Ga. 1994)
("Were the issue of retroactivity not obviated by a prior ruling then this court might construe the
Act in accordance with *James Cable v. City of Jamestown, Tennessee*, 822 F. Supp. 476
(M.D.Tenn.1993), as that decision disapproving retroactive statutory application seems a
plausible translation of Congressional intent.").  This Court is not so constrained.

August Memorandum, at 9.  In fact, the Communications Act includes an express provision explaining how preemption is to be applied to cable television franchises: "[a]ny provision of law of any State, political subdivision, or agency thereof, or franchising authority, or any provision of any franchise granted by such authority, *which is inconsistent with this Act* shall be deemed to be preempted and superceded."  47 U.S.C. § 555(6) (emphasis added).  As the Court found, there is nothing "inconsistent" about Section 541(a)(1) and Service Electric's exclusive franchise rights because Section 541(a)(1) is not retroactive.  Thus, nothing in the 1992 Cable Act invalidated Service Electric's exclusive franchise, nor did the 1992 Cable Act provide Hazleton with the ability to circumvent its contractual commitments and grant a franchise to NuNet in contravention of Service Electric's rights.

### 2.  The "Change Of Law" Provisions Of Service Electric's Franchise Contract Do Not Invalidate Service Electric's Exclusive Franchise.

The 1987 Ordinance expressly provides that upon acceptance by Service Electric, the 1987 Ordinance shall become a contract.  *See* Contract, § 6.  Hazleton has contended that provisions of the Contract limiting the rights and obligations of Service Electric and Hazleton, including Service Electric's exclusive rights, "to the extent permitted by law" means that Service Electric's exclusive rights were somehow terminated by the 1992 Cable Act's prospective restrictions on exclusive franchises.  August Memorandum, at 7.  However, Service Electric's rights were not invalidated because Section 541(a)(1) does not constitute a "change of law" applicable to the Contract and, as the Court has already found, Section 541(a)'s restrictions on future exclusive franchises is inconsistent with the unambiguous intent of the parties.

As an initial matter, where a contract is unambiguous, the contract is interpreted by a court as a matter of law.  *See, e.g., Mellon Bank v. Aetna Business Credit,* 619 F.2d 1001, 1011

n.2.[4]  Here, there is nothing ambiguous about the Contract:  while Service Electric's (and

Hazleton's) rights and obligations under the Contract may be subject to certain future changes in

federal and state law, nothing in these provisions can transform Congress' prospective

restrictions on the *new grant* of exclusive franchises under Section 541(a)(1) into a retroactive

invalidation of Service Electric's *preexisting* exclusive franchise right.  Because Section

541(a)(1) is not retroactive, there is no basis to conclude that it constitutes a "change in law"

under the terms of the Contract which invalidates the express terms of Service Electric's pre-

existing franchise.

      Similarly, as the Court has already explained, the exclusivity of Service Electric's

franchise was clearly important to the parties.  The Contract itself expressly provides that a

continuation of Service Electric's historic quality service was "best assured by the granting of an

exclusive franchise."  There is no foundation in the provisions of the Contract to conclude that

the parties intended a future prospective restriction on a cable television franchising authority's

ability to grant an exclusive franchise to apply to Hazleton's pre-existing grant of an exclusive

franchise to Service Electric.  *See* Contract, § 4; August Memorandum, at 8.

      In sum, there is no basis for concluding that Service Electric's exclusive franchise rights

were invalidated or preempted by the 1992 Cable Act, or that the Contract itself permits changes

of law applicable only to future actions to eliminate the existing exclusive rights of Service

Electric, which Hazleton itself acknowledged were the best assurance of quality cable television

service.  Consistent with its August Memorandum and November Memorandum, the Court

---

[4]  In its August Memorandum, this Court recognized that "[c]ontract interpretation is a question
of law which is within the province of the Court."  August Memorandum, at 7-8 (*citing Mace v.
Atl. Ref. Mktg. Corp.*, 785 A.2d 493, 496 (Pa. 2001); *J.K. Wilson, Jr. v. Consolidation Coal Co.*,
637 A.2d 979 (Pa. 1994); *Grant v. Southwestern Pa. Water Auth.*, 601 A.2d 1359, 1360 (Pa.
*(Cont'd)*

10

should declare that Service Electric's exclusive franchise rights remain valid, and that Hazleton's award of a franchise to NuNet was invalid.

**B.    The Court Should Permanently Enjoin Hazleton From Implementing Its Improper Franchise To NuNet.**

"In deciding whether to grant a permanent injunction, the district court must consider whether:  (1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest." *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001).  Here, consideration of each of these factors establishes that Service Electric is entitled to a permanent injunction enjoining Hazleton from implementing its improper franchise with NuNet.

First, as set forth above, Service Electric has fully demonstrated actual success on the merits of the issues in this litigation.  There is no dispute that Hazleton granted an exclusive franchise to operate a cable television system in Hazleton to Service Electric, and that this exclusive franchise remains in effect.  Hazleton's contentions that Service Electric's exclusive franchise rights were invalidated or otherwise eliminated by operation of law or the terms of the franchise have been rejected by the Court. *See* Section III *supra* and August Memorandum at 4-10.

Second, irreparable injury is clearly demonstrated here where Hazleton has acted in violation of its own ordinance. *Cf. Com. v. Coward*, 414 A.2d 91, 99 (Pa. 1980) (explaining that continuance of unlawful activity constitutes irreparable harm and that "[t]he argument that a violation of law can be a benefit to the public is without merit") (*quoting Pa. P. U. C. v. Israel*,

Commw. Ct. 1992)); *see also* November Memorandum, at 2 ("This case essentially involves the question of law sought to be appealed.").

11

356 Pa. 400, 406, 52 A.2d 317, 321 (1947)).  Furthermore, the Communications Act limits relief in certain actions against franchising authorities to injunctive relief and declaratory relief and prohibits suits for damages.  *See* 47 U.S.C § 555a.

Third, Hazleton cannot show that the granting of a permanent injunction will result in any actual harm to Hazleton itself.  Hazleton already receives revenue from Service Electric's franchise, and residents (including commercial businesses) in  Hazleton currently have the ability to subscribe to extensive cable television packages as well as high-speed internet access.  *See id.*, ¶ 10.

Finally, the public interest supports upholding Service Electric's exclusive franchise rights.  As discussed above, in enacting Section 541(a) of the 1992 Cable Act, Congress clearly did not act retroactively to eliminate existing exclusive cable television franchises.  There is no basis for this Court to reach any different conclusion.  A permanent injunction maintaining Service Electric's existing exclusive franchise is thus consistent with the 1992 Cable Act and the broader public interest inherent in the enforcement of contracts, including contracts of government entities.[5]

---

[5]  It is also consistent with the public interest as expressly recognized in the 1987 Ordinance enacted by Hazleton: ". . . such service can best be assured by the granting of an exclusive franchise to [Service Electric]."  *See* 1987 Ordinance, § 4.

## V.   **CONCLUSION**

For these reasons, and for the reasons set forth in Service Electric's Motion for Summary Judgment and Permanent Injunction, the Court should grant summary judgment in favor of Service Electric and against Hazleton, declare that Service Electric's exclusive franchise rights remain valid, declare that Hazleton's award of a franchise to NuNet was invalid, and enjoin Hazleton from implementing its improper franchise with NuNet.

Respectfully submitted,

/s/ Glen R. Stuart
Glen R. Stuart
David B. MacGregor
Kenneth M. Kulak
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
Voice:  215.963.5000
Fax:  877.432.9652
E-mail:  gstuart@morganlewis.com

Robert S. Sensky
Bruce S. Miller
John M. Gallagher
Laputka, Bayless, Ecker & Cohn, P.C.
2 East Broad Street, 6th Floor
Hazleton, PA 18201
Voice: 570.455.4731
Fax:    570.459.0729
E-mail: rssensky@lbec-law.com

Dated:  December 22, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SERVICE ELECTRIC CABLEVISION, INC., )
)
)
Plaintiff, )
)           Civil Action No. 04-CV-622
v. )           (Judge A. Richard Caputo)
)
THE CITY OF HAZLETON, )
)
Defendant. )
)

## CERTIFICATE OF SERVICE

I hereby certify that this 22nd day of December 2004, the foregoing **Brief In Support Of**

**Plaintiff's Motion For Summary Judgment And Permanent Injunction,** was served upon the

following by using the ECF system and that the following is an ECF user:

Conrad A. Falvello
The Falvello Law Firm
782 West Butler Drive
Sugarloaf, PA 18249-3046

**First Class Mail**

Daniel S. Cohen
Stacy L. Browdie
Cohen Telecommunications Law Group
Two Gateway Center, 15th Floor
Pittsburgh,  PA  15222

/s/ Glen R. Stuart
Glen R. Stuart
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia,  PA  19103
Voice: 215.963.5883
Fax:    215.963.5001
E-mail: gstuart@morganlewis.com