# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERVICE ELECTRIC CABLEVISION, INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF HAZLETON,<br><br>    Defendant. | CIVIL ACTION NO. 3:04-CV-622<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is Plaintiff Service Electric's Motion For Summary Judgment and Permanent Injunction.  (Doc. 38.1.)  Plaintiff's motion will be granted in part and denied in part.  The motion will be granted insofar as Plaintiff seeks a declaration that the exclusive franchise right to operate a cable television system within the municipal boundaries of Defendant City of Hazleton, currently held by Plaintiff, remains valid.  The motion will also be granted insofar as Plaintiff seeks a permanent injunction preventing Defendant from implementing any franchise that is inconsistent with the exclusivity of the franchise currently held by Plaintiff.  The motion will be denied in all other respects.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367(a).

## **BACKGROUND**

Plaintiff Service Electric is a Pennsylvania corporation that operates a cable television system within the municipal boundaries of Defendant City of Hazleton.  (Doc. 38.2 ¶ 1; Doc. 40 ¶ 1.)  On September 14, 1987, Defendant enacted Ordinance No. 87-22, granting an exclusive franchise to Service Electric to operate a cable television

system within Defendant's municipal boundaries.  (Doc. 38.2 ¶ 2; Doc. 40 ¶ 2.) Ordinance No. 87-22 provides that: "[w]hen this Ordinance shall have been accepted by the Company, such Ordinance and acceptance shall constitute a contract between [Defendant] and [Plaintiff] for all use, services, and purposes set forth in this Ordinance." (Doc. 38.2 ¶ 4; Doc. 40 ¶ 2.)  Plaintiff accepted Ordinance No. 87-22, and it became a contract between Plaintiff and Defendant.  (Doc. 38.2 ¶ 5; Doc. 40 ¶ 2.)  This contract remains in effect.  (*Id.*)  On May 27, 2004, Defendant granted a non-exclusive franchise to Nu-Net, Inc. ("NuNet"), another cable operator, to operate a cable television system within Defendant's municipal boundaries.  (Doc. 38.2 ¶ 6; Doc. 40 ¶ 6.)

Plaintiff initiated this civil action on March 23, 2004.  (Doc. 1.)  On August 16, 2004, the Court denied Defendant's motion to dismiss.  (Doc. 26.)  Thereafter, Plaintiff filed the instant motion for summary judgment and a permanent injunction.  (Doc. 38.1.) The matter is fully briefed and ripe for disposition.

## LEGAL STANDARD

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a

2

genuine one. *See id.* at 248.  An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.*

## DISCUSSION

Plaintiff filed the instant motion for summary judgment in which it seeks a declaratory judgment and a permanent injunction.  While not expressly stated, Plaintiff apparently seeks to have the Court issue a declaratory judgment pursuant to 28 U.S.C. § 2201.  Specifically, Plaintiff seeks a declaration that:  (1) the exclusive franchise right to operate a cable television system within Defendant's municipal boundaries, currently held by Plaintiff, remains valid; and (2) Defendant's award of a cable television franchise to NuNet was invalid.  (Doc. 38.1 at 1.)  In addition, Plaintiff requests that the Court grant a permanent injunction enjoining Defendant from implementing the cable television franchise improperly granted to NuNet.  (*Id.*)

**1)**     **Exclusive Franchise**

It is undisputed that when Plaintiff accepted Ordinance No. 87-22, it became a contract between Plaintiff and Defendant.  (Doc. 38.2 ¶ 5; Doc. 40 ¶ 2.)  The parties do not dispute that the contract gave Plaintiff the exclusive right to maintain a cable television system within Defendant's municipal boundaries.  (Doc. 38.2 ¶ 2; Doc. 40 ¶ 2.)  However, the parties dispute the effect that the passage of the Cable Television Consumer Protection and Competition Act of 1992 ("1992 Cable Act"), 47 U.S.C. §§ 521, *et seq.*, had on the contract at issue.  Plaintiff argues that despite the passage of the 1992 Cable Act, the exclusivity provision of the contract between Plaintiff and Defendant remains fully enforceable.  The Court agrees.

Plaintiff first argues that the 1992 Cable Act does not apply retroactively. Specifically at issue is 47 U.S.C. § 541(a)(1), which states in part:

> A franchising authority may award, in accordance with the provisions of this subchapter, 1 or more franchises within its jurisdiction; except that a franchising authority may not grant an exclusive franchise and may not unreasonably refuse to award an additional competitive franchise.

In the Memorandum issued on August 16, 2004, the Court held that § 541(a)(1) does not apply retroactively. (Doc. 26 at 5.) In doing so, the Court referred to the decision of the Sixth Circuit Court of Appeals in *James Cable Partners v. City of Jamestown*, 43 F.3d 277 (6th Cir. 1995), wherein it was stated that "[i]f Congress wished section [541(a)(1)] to invalidate preexisting franchise rights, it could easily have said so." *Id.* at 280.

Plaintiff further argues that § 541(a)(1) did not preempt Ordinance No. 87-22. In its previous Memorandum, the Court noted that the doctrine of preemption only applies if there is an actual conflict between state and federal law. (Doc. 26 at 9.) The Court further noted that because § 541(a)(1) does not apply retroactively, there is no conflict. (*Id.*) As the Sixth Circuit Court of Appeals held in *James Cable Partners*, "[Section 541(a)(1)] prohibits only the granting of exclusive contracts, not the enforcement of ones granted previous to its enactment." *James Cable Partners*, 43 F.3d at 281. Therefore, § 541(a)(1) did not preempt Ordinance No. 87-22.

Finally, Plaintiff argues that the provisions of the contract that anticipate a change in law do not invalidate the exclusivity provision. This too was already decided in the Court's previous Memorandum. (*See* Doc. 26 at 7-9.) There, the Court noted that "[a]llowing exclusivity to be modified or eliminated by a later change in the law is inconsistent with the terms, intent of the parties and purpose of the contract." (Doc. 26 at

8.) Thus, as the Court previously held, the passage of § 541(a)(1) did not invalidate the exclusivity provision of the contract between Plaintiff and Defendant. Accordingly, Plaintiff is entitled to judgment insofar as it seeks a declaration that its current exclusive franchise right to operate a cable television system within Defendant's municipal boundaries remains valid.

**2)    Validity of NuNet Franchise**

Plaintiff also seeks a declaration that the NuNet franchise granted by Defendant is invalid. (Doc. 38.1 at 1.) The validity of the NuNet franchise is not before the Court. Other than the authorizing resolution, the NuNet franchise is not a part of the record. Moreover, a determination regarding the validity of the NuNet franchise is not necessary to the adjudication of the instant litigation. NuNet is not a party to this instant litigation; nor are they am indispensable party as the Court can accord full and final relief to the parties without prejudicing NuNet. *Wash. Nat. Ins. Co. v. Phila. Auth. for Ind. Dev.*, Civ. A. No. 91-5826, 1992 WL 33934, at *1 (E.D. Pa. Feb 19, 1992). Consequently, the Court finds that it would be improper to declare the NuNet franchise invalid.

**3)    Permanent Injunction**

Plaintiff also seeks a permanent injunction preventing Defendant from implementing the cable television franchise that was allegedly improperly granted to NuNet. (Doc. 38.1.) As noted above, NuNet is not a party to this action, and therefore, the Court will not adjudicate the validity of the NuNet franchise; nor will the Court enjoin Defendant from implementing that specific franchise. However, the Court will enjoin Defendant from implementing any franchise that is inconsistent with the exclusivity of the

franchise currently held by Plaintiff.  *Wash. Nat.*, 1992 WL 33934, at *1.

In determining whether to grant a permanent injunction, the Court must determine whether: "(1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest."  *Gucci Am., Inc. v. Daffy's, Inc.*, 354 F.3d 228, 236-37 (3d Cir. 2003).  In situations involving a contract, such as that presently before the Court, the United States Court of Appeals for the Third Circuit has held that a party may demonstrate irreparable harm in two ways:   (1) by establishing that the special value or peculiar qualities of the subject matter of the contract render money damages inadequate; or (2) by establishing that the features of the contract render ascertainment of the legal measure of damages impracticable.  *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987).

In the instant matter, it is apparent that Plaintiff has succeeded on the merits with respect to seeking a declaration regarding the validity of the current exclusive franchise held by Plaintiff.  It is also apparent that without a permanent injunction, Plaintiff will suffer irreparable harm.  The instant matter involves litigation between a franchising authority, Defendant, and a cable television system operator, Plaintiff, which has arisen from Defendant's regulation of cable service within its municipal boundaries.  In accordance with 47 U.S.C. § 555a(a), Plaintiff is only permitted to receive injunctive and declaratory relief.  Therefore, the "peculiar qualities of the subject matter of the contract render money damages inadequate."  *ECRI*, 809 F.2d at 226.  Moreover, there is no

6

evidence that any harm will befall Defendant if an injunction is entered. Finally, while Congress has indicated that exclusive franchises are not necessarily in the public interest by prohibiting them in the 1992 Cable Act, the 1992 Cable Act does not apply retroactively. Therefore, the Court finds that granting an injunction is not against the public interest. In weighing all of these factors, the Court finds that Plaintiff is entitled to a permanent injunction enjoining Defendant from implementing any franchise that is inconsistent with the exclusivity of the franchise currently held by Plaintiff.

**4) Remaining Claims**

While Plaintiff has requested a declaration of its rights, it has not requested summary judgment on any of its substantive claims. Plaintiff states in a footnote: "If the Court grants this Motion, the Court need not reach the federal and state constitutional claims presented by the remainder of the Complaint, and Service Electric will not oppose dismissal of those claims without prejudice." (Doc. 38.3 at 3 n.2.) Despite Plaintiff's assertion that it would not oppose dismissal, this issue is not currently before the Court. If Plaintiff desires to voluntarily dismiss its remaining claims, it should do so in accordance with Rule 41 of the Federal Rules of Civil Procedure.

## CONCLUSION

The Court finds that Plaintiff is entitled to summary judgment insofar as it seeks a declaration that the current exclusive franchise to operate a cable television system within Defendant's municipal boundaries remains valid. The Court also finds that it would be inappropriate to declare the NuNet franchise invalid. The Court will enter a permanent injunction enjoining Defendant from implementing any franchise that is inconsistent with

the exclusivity of the franchise currently held by Plaintiff.

     An appropriate Order follows.

July 27, 2005                                        /s/ A. Richard Caputo
Date                                                   A. Richard Caputo
                                                        United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SERVICE ELECTRIC CABLEVISION, INCORPORATED, | |
| Plaintiff | NO. 3:04-CV-622 |
| v. | (JUDGE CAPUTO) |
| CITY OF HAZLETON, | |
| Defendant. | |

## ORDER

**NOW**, this  27th  day of July, 2005, **IT IS HEREBY ORDERED** that Plaintiff Service Electric's Motion For Summary Judgment and Permanent Injunction (Doc. 38.1) is **GRANTED in part** and **DENIED in part:**

(1) It is **ADJUDGED** that the exclusive franchise right to operate a cable television system within the municipal boundaries of Defendant City of Hazleton currently held by Plaintiff remains valid.

(3) Defendant is **PERMANENTLY ENJOINED** from implementing any franchise that is inconsistent with the exclusivity of the franchise currently held by Plaintiff.

(3) Plaintiff's motion is **DENIED** in all other respects.

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge